UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.: **CV 25-5812-JFW(SSCx)**                                     Date: July 11, 2025

Title:    Lorraine Moreno, et al. -v- Robert Duran

---

**PRESENT: HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**Attorneys Present for Plaintiff: None**        **Attorneys Present for Defendants: None**

**PROCEEDINGS (IN CHAMBERS):**        **ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT**

      According to the Notice of Removal to Federal Court filed on June 13, 2025, the Defendant Robert Duran ("Duran") represents that he removed the unlawful detainer action (Case No. 25WCUD00139) filed against him in Los Angeles Superior Court seeking to evict Duran for non payment of rent and similar causes. Although Duran failed to attach a copy of the unlawful detainer action to his Notice of Removal, the Court accepts his representation.

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Duran bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

      Duran fails to meet his burden of demonstrating that removal is proper. Duran alleges in his Notice of Removal that the claim arises under federal law, however "[a]n unlawful detainer action does not raise a question arising under federal law and so, once

removed, must be remanded for lack of jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted).  Accordingly, there is no federal question jurisdiction presented by Duran's action.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action.  Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447 (c).

IT IS SO ORDERED.